UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LANDON L. WASHINGTON,

                Plaintiff,

        -v-

C.O. JOHNSON; THE CITY OF NEW YORK; CAPT. SMART,

                Defendants.

22 Civ. 1440 (PAE)

ORDER OF SERVICE

---

PAUL A. ENGELMAYER, United States District Judge:

    Plaintiff Landon L. Washington, who is currently detained at the Anna M. Kross Center ("AMKC") on Rikers Island in pretrial detention, brings this *pro se* action under 42 U.S.C. § 1983, alleging that since January 11, 2022, defendants have denied him access to religious services and have served him cold food. Washington names as defendants: (1) the City of New York, (2) Captain Smart, an area supervisor at the Eric M. Taylor Center ("EMTC"), where Plaintiff was previously detained; and (3) EMTC Correction Officer Johnson, a food service officer.

    By order dated March 7, 2022, the Court granted Washington's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] As set forth below, the Court (1) dismisses Washington's cold food claim, brought against Officer Johnson, for failure to state a claim, and (2) requests that the City of New York and Captain Smart waive service of summons as to the access to religious services claim.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### I. Background

The following facts are taken from the complaint. Since January 11, 2022, defendants have denied Washington access to religious services and a place to worship. Washington complained to defendant Captain Smart, who informed Washington that she did not have "'control over the staff shortage throughout the jail.'" Dkt. 2 at 4.

Defendants also have served Washington cold food. Washington complained to defendant Officer Johnson, EMTC's food service officer, who responded that "The food is being transported from A.M.K.C. and made at that facility." *Id.* Washington complains that he has not eaten "a hot meal at this facility as of yet." *Id.* Plaintiff is now detained at AMKC; he does not state when he was transferred to AMKC from EMTC.

### II. Discussion

#### A. Cold Food Claim

The Court construes Washington's allegation regarding his being served cold food as asserting a conditions of confinement claim under the Fourteenth Amendment to the United States Constitution. To state such a claim, Washington must allege that: (1) his conditions were

2

objectively serious, and (2) the defendants "should have known that the condition posed an excessive risk to health or safety." *Darnell v. Pinero*, 849 F.3d 17, 35 (2d Cir. 2017). Claims involving food-borne illnesses, caused by correctional staff serving a pretrial detainee uncooked, rotten food may state a claim under the Fourteenth Amendment. *See, e.g., Pagan v. Westchester Cnty.*, No. 12 Civ. 7669, 2014 WL 982876, at *17 (S.D.N.Y. Mar. 12, 2014).

Washington does not allege that his being served cold food is a serious condition that has caused him any harm, or that defendants were aware of any risk to his health and chose to ignore that risk when serving him cold food. He does not allege that he was served rotten or uncooked food that made him sick. Washington complains only that his food was cold, a condition that does not rise to the level of a constitutional violation. *See, e.g., Smith v. Westchester Cnty.*, No. 19 Civ. 3605 (NSR), 2021 WL 2856515, *8 (S.D.N.Y. July 7, 2021) (finding "that food merely served cold or in an unpleasing manner is too frivolous of a claim to constitute a constitutional violation"). Washington therefore fails to state a conditions of confinement claim against Officer Johnson, and the Court dismisses the cold food claim.

### B. Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that the City of New York and Captain Smart waive service of summons.

### CONCLUSION

The Court dismisses Washington's cold food claim against Officer Johnson and directs the Clerk to dismiss this defendant from the action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants New York City and Captain Smart waive service of summons.

The Clerk of Court is directed to mail a copy of this order to Washington, together with an information package.

SO ORDERED.

Dated: March 10, 2022
New York, New York

PAUL A. ENGELMAYER
United States District Judge