UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LANDON L. WASHINGTON,

                                    Plaintiff,

              -v-

C.O. JOHNSON, *Food Service Officer*, CAPT. SMART, *Area Supervisor*, CITY OF NEW YORK,

                                  Defendants.

22 Civ. 1440 (PAE) (GWG)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

Plaintiff Landon L. Washington ("Washington"), proceeding *pro se*, seeks compensatory damages under 42 U.S.C. § 1983 from defendants C.O. Johnson ("Johnson"), Captain Smart ("Smart"), and the City of New York (the "City") (collectively, "defendants") for alleged violations of his constitutional rights during his time in custody at the Anna M. Kross Center at Rikers Island. *See* Dkt. 2. On March 7, 2022, Chief Judge Swain granted Washington's request to proceed *in forma pauperis* and noted that "it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so." Dkt. 4. On March 10, 2022, the Court dismissed Washington's allegations against Johnson for failure to state a claim and directed the Clerk of Court to dismiss Johnson as a defendant in the case. *See* Dkt. 7.

On June 9, 2022, the City and Smart moved to dismiss Washington's complaint under Federal Rule of Civil Procedure 12(b)(6) given, *inter alia*, Washington's failure to exhaust his administrative remedies and failure to state a claim against them. *See* Dkts. 14, 15. On June 13, 2022, the Court referred the motion to the Honorable Gabriel W. Gorenstein, Magistrate Judge,

for a Report and Recommendation. Dkt. 17. That day, Judge Gorenstein ordered Washington to respond to the motion by July 11, 2022. Dkt. 18. On August 2, 2022, Judge Gorenstein issued a Report and Recommendation, noting that multiple filings in the case had been mailed to the address on file for Washington but returned as undeliverable and Washington had not at any point filed a change of address with the Court. *See* Dkt. 24 at 1–2. On that basis, Judge Gorenstein recommended dismissing the case, without prejudice, under Rule 41(b) for failure to prosecute. *See id.* at 3. On August 15, 2022, Washington filed a letter requesting to be assigned counsel and to move forward in the case. Dkt. 25. That day, Judge Gorenstein vacated the August 2, 2022 Report and Recommendation, ordered defendants to mail the motion to the new address on file for Washington, and directed Washington to respond to the motion by September 19, 2022.[1] Dkt. 26.

On December 8, 2022, after Judge Gorenstein, *sua sponte*, had granted three extensions to Washington's deadline to oppose the motion,[2] Washington filed a letter that stated: "In the light of the defendant's motion to dismiss, the plaintiff Landon Washington wish to oppose said motion, on the grounds of still being subjected to the same kind of treatment that brought about this issue. I wish to prosecute and move forward to resolve this matter at hand." Dkt. 32.

On December 21, 2022, Judge Gorenstein issued a Report and Recommendation, recommending that the Court grant the motion to dismiss due to Washington's failure to state a

---

[1] Judge Gorenstein denied Washington's request for counsel on the ground that "the application together with the other papers filed in this action do not at this time demonstrate that plaintiff's claim is likely to be of sufficient substance to warrant seeking volunteer counsel." Dkt. 26.

[2] On October 4, 2022, Judge Gorenstein extended the deadline to respond to October 25, 2022, in light of Washington's *pro se* status. Dkt. 29. On November 2, 2022, Judge Gorenstein extended the deadline, to November 16, 2022, based on the determination that Washington's address had changed following his release and re-arrest. Dkt. 30. On December 1, 2022, Judge Gorenstein granted a final extension, ordering Washington to respond by December 22, 2022. Dkt. 31.

claim against the City and Smart. *See* Dkt. 33 (the "Report") at 7. No parties filed objections. The Court did, however, receive by mail a letter from Washington, dated December 12, 2022. *See* Dkt. 34. The letter stated:

> I Landon L Washington is writing this letter to oppose the defendant's motion to dismiss. This matter needs to be settled accordingly within the courts. This issue is ongoing and continues to violate the rights of many individual[s] who are within the custody [of] the City of New York Department of Corrections.

*Id.*

The Court incorporates by reference the summary of the facts provided in the Report, and, for the following reasons, adopts the Report.

## DISCUSSION

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When specific objections are timely made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

If a party objecting to a Report and Recommendation makes only conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1

3

(S.D.N.Y. June 25, 2013); *Kozlowski v. Hulihan*, Nos. 09 Civ. 7583, 10 Civ. 0812 (RJH) (GWG), 2012 WL 383667, at *3 (S.D.N.Y. Feb. 7, 2012). This is so even in the case of a *pro se* plaintiff. *Telfair v. Le Pain Quotidien U.S.*, No. 16 Civ. 5424 (PAE), 2017 WL 1405754, at *1 (S.D.N.Y. Apr. 18, 2017) (citing *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Furthermore, "[c]ourts do not generally consider new evidence raised in objections to a magistrate judge's report and recommendation." *Tavares v. City of New York*, No. 08 Civ. 3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (collecting cases).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Gorenstein's Report, alongside the filings by Washington, reveals no facial error in the Report's conclusions. The Report is therefore adopted in its entirety. Because the Report explicitly states that the parties "have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections," and that a party that fails to file timely objections "will not be permitted to raise any objections . . . on appeal," Report at 7–8, Washington's failure to object operates as a waiver of appellate review as to those objections. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the foregoing reasons, the Court accepts and adopts Judge Gorenstein's December 21, 2022 Report and Recommendation in its entirety, grants defendants' motion to dismiss, and dismisses the complaint without prejudice to Washington raising proper claims as to the alleged ongoing violations upon exhaustion of his administrative remedies. The Court respectfully directs the Clerk of the Court to terminate the motion at docket 14 and mail a copy of this decision to Washington at the address on file.

SO ORDERED.

                                             *Paul A. Engelmayer*
                                             Paul A. Engelmayer
                                             United States District Judge

Dated: February 3, 2023
          New York, New York